# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7977 | **DATE** | May 21, 2001 |
| **CASE TITLE** | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Defendant Paymentech's motion to dismiss [8-1] is denied. Plaintiff's motion to strike portions of the Nelson affidavit [10-1] is denied as moot. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | **number of notices** | **Document Number** |
| | No notices required. | | | MAY 2 5 2001 | |
| x | Notices MAILED by judge's staff. | | | **date docketed** | 19 |
| | Notified counsel by telephone. | | | mw | |
| | Docketing to mail notices. | | | **docketing deputy initials** | |
| | Mail AO 450 form. | | ED-7 | | |
| | Copy to _____ | | FILED FOR DOCKETING | **date mailed notice** | |
| KAM | courtroom deputy's initials | | 01 MAY 24 PM 4: 37 | KAM | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN PEABODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00 C 7977 |
| | ) | |
| BANK ONE CORPORATION, a Delaware | ) | |
| Corporation, PLAN ADMINISTRATOR OF | ) | |
| THE BANK ONE CORPORATION PAY | ) | |
| CONTINUATION PLAN, THE BANK ONE | ) | |
| CORPORATION PAY CONTINUATION PLAN, | ) | |
| PAYMENTECH, INC., a Delaware | ) | |
| Corporation, THE PLAN ADMINISTRATOR | ) | |
| OF THE PAYMENTECH PAY CONTINUATION | ) | |
| PLAN, and THE PAYMENTECH PAY | ) | |
| CONTINUATION PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

**DOCKETED**

MAY 2 5 2001

### MEMORANDUM OPINION

Before the court is defendant Paymentech, Inc. and The Paymentech Continuation Plan's motion to dismiss or for summary judgment. For the reasons stated below, the motion is denied.

### BACKGROUND

In 1978, the plaintiff, John Peabody, began working for 1st National Bank of Chicago, a bank which later merged into Bank One Corporation. The plaintiff went to work for the National Bank of Detroit (NBD) in 1990 as an Assistant Vice President. NBD merged

with Bank One in 1998, and the plaintiff became Bank One's Vice-President Marketing-Manager for Illinois and Wisconsin. In the summer of 1999, about 240 employees of Bank One, including the plaintiff, were informed that they would become employees of defendant Paymentech, effective January 1, 2000. In 1999, a subsidiary of Bank One owned fifty-five percent of Paymentech. As a result of this transfer, some employees were laid off, and Bank One provided severance packages to those employees.

On December 20, 1999, the plaintiff inquired of his manager, Judy Rosenberry, what type of a severance package he would receive if he were laid off. Ten days later, he received a telephone call from Rosenberry's supervisor at Paymentech, Gary Staub, in which Staub said that he understood the plaintiff had resigned. The plaintiff denied that he had resigned, and sent a letter by electronic mail (e-mail) a few days later reiterating that he had not resigned. Nevertheless, on January 5, 2000, representatives of Bank One and a Bank One subsidiary communicated to the plaintiff that it was their position that he had resigned and that his resignation had been accepted.

Thereafter, the plaintiff sought information about his eligibility for severance pay. Bank One took the position that he was not entitled to severance pay because he had resigned. Paymentech took the position that the plaintiff was not entitled to

any compensation from it because he was never an employee of Paymentech. The plaintiff then brought this lawsuit against both Bank One and Paymentech,[1] alleging wrongful discharge, violations of the Employmee Retirement Income Security Act of 1974 (ERISA), and seeking non-ERISA severance pay. Counts IV through VI are against Paymentech. Count IV seeks a daily penalty for failing to provide ERISA information; Count V seeks ERISA severance benefits, and Count VI seeks non-ERISA severance pay. Counts VII and VIII are against Bank One or Paymentech for interference with ERISA benefits and for wrongful discharge.

Defendant Bank One answered the complaint, but defendant Paymentech brought this motion to dismiss or, in the alternative, for summary judgment. Paymentech argues that each count against it should be dismissed because the plaintiff failed to allege that he was employed by Paymentech or was a beneficiary of an ERISA plan. Paymentech argues that, in fact, it never employed the plaintiff and does not have a severance plan.

---

[1] Paymentech argues that The Paymentech Pay Continuation Plan and the Plan Administrator of the Paymentech Continuation Plan are not legal entities and, therefore, are improperly named as defendants. The plaintiff does not dispute this, and therefore, we will refer only to the proper defendant, Paymentech. In addition, Paymentech submitted the affidavit of David Nelson, a human resources executive, who states that the proper name of Paymentech is "Banc One Payment Services, LLC." For convenience, we will follow the parties' lead and refer to the defendant as "Paymentech."

## ANALYSIS

### I.   Motion to Dismiss

Paymentech urges us to dismiss all counts against it because the plaintiff failed to allege specifically that he was an employee of Paymentech or a beneficiary of an ERISA plan.

On a motion to dismiss, we take as true all of the well-pleaded facts and construe all inferences in favor of the plaintiff.  The plaintiff pled that in the summer of 1999, he was notified by Bank One that he would be transferred to Paymentech, and that this transfer would be effective on January 1, 2000. Actually, the plaintiff began working for Paymentech and reporting to Paymentech management in the fall of 1999.  He also states that he received a letter stating that because he was no longer a Bank One employee, he would no longer receive a free checking account at Bank One.  On January 3rd, he sent an e-mail to Paymentech stating that he had not resigned.

These allegations support the inference that the plaintiff was an employee of Paymentech.  Moreover, the additional facts supplied in his Response brief (see infra II) further support this inference. See Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir.1997)(allowing supplemental facts to be presented in an affidavit or brief because a complaint may not be dismissed unless it is impossible to prevail under any set of facts consistent with

the complaint). Paymentech is incorrect to assert that the plaintiff must plead every fact specifically.[2] <u>See</u> <u>American Nurses' Assoc. v. State of Illinois</u>, 783 F.2d 716, 723 (7th Cir.1986) ("For fact pleading the federal rules substituted notice pleading."). Therefore, we deny Paymentech's motion to dismiss Counts IV through VIII on this basis.

## II. **Motion for Summary Judgment**

We may only grant a motion for summary judgment if "there is no genuine issue as to any material fact" and we find that "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding this motion, we construe the evidence and all reasonable inferences in the light most favorable to the nonmoving party. <u>See</u> <u>Pitasi v. Gartner Group, Inc.</u>, 184 F.3d 709, 714 (7th Cir. 1999).

### A. **Plaintiff's Employment Status**

Paymentech argues that it is entitled to summary judgment on all counts because the plaintiff was, in fact, never employed by Paymentech, and, therefore, he could not have been a beneficiary of any Paymentech severance plan. Moreover, he could not have been wrongfully discharged by an entity that never employed him. In

---

[2] Paymentech appears to abandon its argument that the plaintiff must specifically plead the existence of a contract and all the elements of a wrongful discharge claim to survive a motion to dismiss. We note again that "[c]omplaints need not plead law or match facts to every element of a legal theory." <u>Bennett v. Schmidt</u>, 153 F.3d 516, 518 (7th Cir. 1998).

support of its motion, Paymentech presents the affidavit of David Nelson, Group Executive of Human Resources for Paymentech. Nelson states that Paymentech did not hire the plaintiff in any capacity and that the plaintiff has never been a Paymentech employee. Paymentech's Brief, Ex. A.

The plaintiff provides evidence that he was an employee of Paymentech, including his Paymentech business card, Paymentech employee benefit forms, and a Paymentech newsletter that refers to him as a 21 year employee. Plaintiff's Rule 56.1(b)(3) Statement, Exs. C - I. Moreover, he submits his own affidavit, which states that Paymentech controlled when and where he worked in the latter part of 1999. Id. at Ex. A; See Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323 (1992) (adopting the common law test for determining who qualifies as an "employee" under ERISA, a test which examines the extent to which the hiring party controls the "means and manner" of the individual's job performance). For example, Paymentech sent the plaintiff to Arizona for an orientation on one occasion and to Dallas for training on another occasion. He was told that the employees being transferred to Paymentech, including himself, would be "answering to Paymentech immediately" even though payroll and benefits would not change until the end of the year. Moreover, the plaintiff could not hire anyone without obtaining Paymentech's approval.

Paymentech argues in its reply brief that Peabody was a leased employee, and that under the Lease Agreement, Bank One remained his employer and controlled the means and manner in which he performed his job. Paymentech's Response to Plaintiff's Rule 56.1(b)(3) Statement, Ex. A. However, as the plaintiff points out, the Lease Agreement specifically lists which employees are subject to that lease, and the plaintiff's name does not appear on the list. There is no other evidence that the plaintiff was a leased employee whose job responsibilities continued to be controlled by Bank One.

Therefore, on the issue of his employment status, we find that the plaintiff has set forth sufficient evidence to survive summary judgment.

B. **Existence of a Severance Plan**

The next question is whether Paymentech has a severance plan. Paymentech denies that it has any such plan and cites Nelson's affidavit that states Paymentech has no pay continuation plan, written severance plan, or administrative system for making severance payments to employees based on eligibility or on the basis of a triggering event.

The plaintiff argues that he has not had the opportunity to conduct any discovery on the issue and discovery may reveal whether Paymentech had a practice of making severance payments, whether a plan could be inferred from treatment of similarly-situated

- 8 -

employees, or whether a plan was established by statements in a policy manual, employee handbook, or confidential memorandum to officers and managers. <u>See</u> Plaintiff's Rule 56.1(b)(3) Statement, Ex. J (Affidavit of David L. Lee, counsel for the plaintiff).

We believe that granting summary judgment before the plaintiff has had any opportunity to conduct discovery would be premature. <u>See</u> Fed. R. Civil Pro. 56(f) ("the court may refuse the application for judgment ... to permit affidavits to be obtained or depositions to be taken or discovery to be had"); <u>Piquard v. City of East Peoria</u>, 887 F. Supp. 1106, 1132 (C.D. Ill. 1995) (denying the plaintiffs' motion for summary judgment because the defendants had not had an opportunity to conduct discovery).

### CONCLUSION

For the reasons stated above, Paymentech's motions to dismiss and for summary judgment are denied. In view of this disposition, the plaintiff's motion to strike portions of the Nelson affidavit is denied as moot.

DATE:     May 22, 2001

ENTER:    _____

          John F. Grady, United States District Judge